IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PATRICIA H. BLAKE,             *

    Plaintiff,              *

        v.                      *   CIVIL NO.: WDQ-13-2551

WILSON GUSTAVO GONZALEZ ARANA,
et al.,                        *

    Defendants.             *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Patricia H. Blake sued Wilson Gustavo Gonzalez Arana ("Arana") and Spiniello Companies, Inc. ("Spiniello"), (collectively "the Defendants"), in the Circuit Court of Maryland for Baltimore City to recover for injuries arising out of an accident. Spiniello removed the action. Pending is Blake's motion to remand. No hearing is necessary. See Local Rule 105.6. For the following reasons, the motion to remand will be granted.

I.   Background[1]

   A.   General Background and Procedural History

On August 8, 2013, Blake sued the Defendants in the Circuit Court for Baltimore City, Maryland for negligence and other claims arising out of an accident in Baltimore City on December 4, 2012.  *See* ECF No. 2.  On September 3, 2013, Spiniello removed the action to federal court based on diversity jurisdiction.  ECF No. 1.  In the notice of removal, Spiniello states that it was served on August 28, 2013.  ECF No. 1 ¶ 2.  With respect to its own citizenship, Spiniello asserts that "the Defendant Spiniello Companies, Inc., is a corporation organized under the laws of the State of New Jersey."  ECF No. 1 ¶ 3.  Spiniello also states in the notice of removal that "the Defendant Wilson Gustavo Gonzalez Arana is alleged to be a citizen of the State of Maryland, however, upon information and belief, [he] is a resident of Annandale, Fairfax County, Virginia."  ECF No. 1 ¶ 5.  The notice of removal further provides that "[t]he plaintiff, a resident of the State of Georgia, seeks damages in excess of the minimum jurisdiction of this Court."  ECF No. 1 ¶ 4.  The civil cover sheet attached to

---

[1] The facts are taken from the complaint, the notice of removal, and the exhibits submitted by the parties.  On a motion to remand, the facts are viewed in the light most favorable to the party seeking remand.  *Booth v. Furlough, Inc.*, 995 F. Supp. 629, 630 n.1 (E.D. Va. 1998); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

the Notice of Removal includes a checked box under the defendant column that reads: "Incorporated *and* Principal Place of Business In Another State." ECF No. 1, Ex. 1.

On September 7, 2013, Spiniello answered the complaint. ECF No. 8. On October 5, 2013, Arana answered the complaint. ECF No. 13. On November 4, 2013, Blake moved to remand. ECF No. 19. On November 12, 2013, Arana opposed the motion. ECF No. 20.

B. Residency of Arana

In a December 4, 2012 Police Report, Arana listed his address as "8111 Tahona Drive, Silver Spring, Maryland, 20903" and stated that he had a Maryland driver's license. ECF No. 19-2. Maryland Motor Vehicle Administration Driving Records issued on September 6, 2013 and September 20, 2013 provide the same address in Silver Spring, Maryland for Arana. ECF Nos. 19-3, 19-4. In an Affidavit of Service, a process server stated that he personally served Jose Arana at 8111 Tahona Drive, Silver Spring, Maryland. ECF No. 16. The affidavit said Jose Arana was a cousin of Wilson Gustavo Gonzalez Arana. *See* ECF No. 16. The note "CO-RESIDENT" appears next to Jose Arana's name in different handwriting. *See* ECF No. 16.

Jose Arana submitted an affidavit stating that "I did not tell the process server that my cousin Wilson lived with me. My English is not very good and I don't know what he was asking me,

3

but I did agree to give the papers to Wilson." ECF No. 20-2 at 1. He also stated that Wilson Arana lives in Virginia. ECF No. 20-2 at 2. Wilson Arana also filed an affidavit stating that he currently lives at 7521 Allman Drive in Annandale, Virginia, he moved from Silver Spring, Maryland to Annandale before December 4, 2012, and he has not changed his driver's license. ECF No. 20-3 at 1. Arana submitted a number of documents that list his Annandale address: (1) an IRS reminder of overdue taxes for 2007;[2] (2) a 2012 W-2 Wage and Tax Statement;[3] (3) a Bank of America checking account statement for June 8, 2013 to July 10, 2013;[4] an HY Cite Finance statement dated November 14, 2013.[5]

II. Analysis

    A. Legal Standard

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing where such action is pending." But, if the action may only be removed to the District of Maryland based on diversity jurisdiction, it may not be removed if any properly

---

[2] ECF No. 20-4.

[3] ECF No. 20-5.

[4] ECF No. 20-6.

[5] ECF No. 20-7.

joined and served defendant is a citizen of Maryland.  28 U.S.C. § 1441(b)(2).

To remove a case, the defendant must file a notice of removal in the district court within 30 days after receiving the initial pleading, or within 30 days after the defendant receives a copy of a paper from which it is first evident that the case is removable.  28 U.S.C. § 1446(a)-(b).  All defendants must join in or consent to the removal.  *Id.* § 1446(b)(2)(A).  The removing party has the burden of proving subject matter jurisdiction.  *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).  Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court.  *Id.* (internal quotation marks omitted).

    B.   Motion to Remand

Blake argues that the case should be remanded because Arana is a citizen of Maryland.  ECF No. 19-1 at 6.  Arana contends that, at all relevant times, he has been a resident of Virginia.[6]

Under 28 U.S.C. § 1441(b)(2), a case cannot be removed on the basis of diversity if a defendant is a citizen of the state

---

[6] ECF No. 20 at 1.  Arana does not argue that he is "domiciled" in Virginia, and only argues that he has met his burden showing that he is a "resident" of Virginia.  *See* ECF No. 20 at 5.

5

in which the action is brought. *See also, Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005). The burden is on the party seeking removal to demonstrate jurisdiction. *See Md. Stadium Auth.*, 407 F.3d at 260. A party's citizenship is a preliminary question of fact to be determined by the trial court. *See Sligh v. Doe*, 596 F.2d 1169, 1171 (4th Cir. 1979). "To be a citizen of a State, a person must be both a citizen of the United States and a domiciliary of that State." *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). Residency alone does not establish citizenship. *Id.* An individual can reside in one state and be domiciled in another state. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "Domicile requires physical presence, coupled with an intent to make the State a home." *Johnson*, 549 F.3d at 937 n.2. An individual's domicile is presumed to continue unless it can be shown that he has established a new domicile. *See Dyer v. Robinson*, 853 F. Supp. 169, 172 (D. Md. 1994). In determining an individual's domicile, the Court may consider a number of facts, including: "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions; fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as

several others." *Dyer*, 853 F. Supp. at 172 (internal citations and quotation marks omitted).

Here, Arana's current residence favors a finding that he is domiciled in Virginia. He and his wife moved to Virginia from Maryland sometime in 2012. *See* ECF No. 20-3. Arana's bank account and tax information also support a Virginia domicile. *See* ECF Nos. 20-3, 20-4, 20-5, 20-6, 20-7. However, maintaining a Maryland driver's license suggests that he intended to remain domiciled in Maryland. *See* ECF Nos. 19-3, 19-4. Additionally, Arana listed his Silver Spring, Maryland address in the police report on December 4, 2012, after he contends that he had moved to Annandale, Virginia. *See* ECF No. 19-2. This suggests that Arana maintained some connection with his address in Silver Spring, Maryland after moving to Virginia, and may not have moved to Virginia "with an intent to make the State a home." *See Johnson*, 549 F. 3d at 937 n.2. Weighing these factors, the Defendants have not carried their burden of demonstrating that Arana is domiciled in Virginia.[7]

However, even if Arana is a citizen of Virginia, remand is appropriate in this case. When a defendant files a notice of removal under 28 U.S.C. § 1446(a), he must allege federal

---

[7] Courts strictly construe removal jurisdiction; thus "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

jurisdiction over the matter with a short and plain statement, just as federal jurisdiction is alleged in a complaint. *See* 28 U.S.C. § 1446(a); *Strawn v. AT&T Mobility LLC*, 530 F.3d 292, 296-97 (4th Cir. 2008). When the removal is challenged, "the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." *Strawn*, 530 F.3d at 297 (emphasis in original). Federal diversity jurisdiction requires complete diversity among the parties, "meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The citizenship of a corporation is determined by the state of its incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Here, Spiniello's notice of removal is defective because it failed to allege its principal place of business.[8] The notice of

---

[8] *Cf., e.g., See Covert v. Auto. Credit Corp.*, 968 F. Supp. 2d 746, 749 (D. Md. 2013) ("Where a removal notice fails to make the basis for federal jurisdiction sufficiently clear and does not contain enough information for the district judge to determine whether jurisdiction exists, it is defective."); *Receivership Estate of Mann Bracken, LLP v. Cline*, No. RWT-12-CV-292, 2012 WL 2921355, at *6-7 (D. Md. July 16, 2012) (defendants failed to demonstrate diversity of citizenship when they did not allege the residency of the individual members of the limited liability companies); 14C Wright & Miller, Fed. Prac. & Proc. Juris. § 3733 (4th ed.) ("Thus, for example, a notice of removal that fails to contain an allegation of a defendant corporation's dual citizenship -- its state of incorporation and the state of its principal place of business -

removal asserts only that Spiniello "is a corporation organized under the laws of the State of New Jersey." ECF No. 1 at 1. There is no allegation about Spiniello's principal place of business in the notice of removal, complaint, or any other pleadings. A defendant may freely amend the notice of removal within the 30-day period set by 28 U.S.C. § 1446(b). *See Covert v. Auto. Credit Corp.*, 968 F. Supp. 2d 746, 749 (D. Md. 2013). Although some courts have allowed defendants to amend technically deficient removal petitions beyond the 30-day period,[9] the Defendants here have not moved to amend the notice of removal. Accordingly, the Defendants have not demonstrated that federal jurisdiction is proper.[10]

---

- is defective when complete diversity of citizenship is the basis for removal.").

[9] *See, e.g., Nutter v. New Rents, Inc.*, No. 90-2493, 1991 WL 193490, at *2 (4th Cir. Oct. 1, 1991) (affirming district court's decision to allow amendment after the 30-day period when the notice of removal did not allege a corporation's principal place of business); *Molnar-Szilasi v. Sears Roebuck & Co.*, 429 F. Supp. 2d 728, 731 (D. Md. 2006) (granting defendant's motion to amend notice of removal after the 30-day period when the notice did not specify the plaintiff's citizenship, as opposed to residency, but there was no serious question regarding her citizenship based on the information in the complaint).

[10] *See Johnson v. Nurtrex Research, Inc.*, 429 F. Supp. 2d 723, 726 (D. Md. 2006) (defendants failed to demonstrate federal jurisdiction when they only alleged that the plaintiff was a resident of Maryland, did not demonstrate citizenship, and did not move to amend the notice of removal).

III. Conclusion

For the reasons stated above, Blake's motion to remand will be granted.

_5/14/14_
Date

_/s/ William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge